EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4443
     Facsimile: (213) 894-0141
     E-mail:    lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
FEB 5, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-569-GHK |
|---|---|
| Plaintiff, | [~~PROPOSED~~] FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BYRON DREDD, | |
| Defendant. | |

On Monday, February 1, 2016, the Court held a status conference in this case. Assistant United States Attorney Lindsey Greer Dotson appeared on behalf of the United States of America. Ms. Nina Marino appeared on behalf of defendant Byron Dredd ("defendant"), who was present.

At the status conference, the Court and counsel discussed discovery, defense counsel's need to review and analyze the discovery, and therefore the need for a continuance. (Dkt. 39.)

///

///

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. An indictment was filed in this case on October 16, 2015. (Dkt. 1.) Defendant made his first appearance and was arraigned on October 30, 2015. (Dkt. 8.) At that time, defendant entered a plea of not guilty to all charges. (Dkt. 15.) Trial was set to begin before this Court on December 22, 2015. (Id.)

2. On November 30, 2015, the Court held a status conference. At that time, defense counsel was substituted in as counsel of record for defendant. (Dkt. 24.) The Court advised defendant of his right to a speedy trial and then asked defendant whether he agreed that a continuance was necessary and in his best interest. Defendant, individually, and with the advice of counsel, answered in the affirmative. Defense counsel agreed that a continuance was in the interests of justice and was necessary to review the discovery and prepare defendant's case for disposition or trial.

3. Following the November 30, 2015 status conference, this Court made Findings of Fact and Conclusions of Law Regarding Excludable Time Periods Pursuant to the Speedy Trial Act on December 17, 2015. (Dkt. 35.) Due to the amount of discovery at issue and defense counsel's need to review that discovery, among other things, the Court vacated the trial date and ordered a further status conference to be held on February 1, 2016. (Dkts. 35, 36.) The Court found that the time from and including November 30, 2015 to and including February 2, 2016 be excluded from the time within which trial must begin as required by the Speedy Trial Act, 18 U.S.C. § 3161 et. seq. (Dkt. 35.)

4. The government produced discovery to defense counsel on December 3, 2015, December 9, 2015, and January 13, 2016. The

government anticipates a fourth upcoming production to defense counsel, the majority of which will contain publically-available trial and hearing transcripts and stipulations from the trial in United States v. Gonzalez, 15-CR-574-GHK.

5. The Court held the further status conference on February 1, 2016. (Dkt. 39.) Due to the amount of discovery at issue, defense counsel indicated that she will need additional time to review the discovery and prepare defendant's case for disposition or trial. The Court advised defendant of his right to a speedy trial and then asked defendant whether he agreed that a continuance was necessary and in his best interest. Defendant, individually, and with the advice of counsel, answered in the affirmative. Defense counsel agreed that a continuance was in the interests of justice and was necessary to review the discovery and prepare defendant's case for disposition or trial. The Court set a further status conference for April 11, 2016. (Id.)

6. Thus, based on defense counsel's and defendant's agreements and based on the representations as to the status of discovery, the Court finds that the time from and including February 1, 2016, the date of the Court's last status conference, to and including April 11, 2016, the date of the next status conference, be excluded from the time within which trial must begin as required by the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., as further time is necessary to permit defendant the reasonable time necessary for effective preparation of a defense, taking into account the exercise of due diligence as set forth in 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

7. The Court further finds that the ends of justice served by continuing the case and trial date outweigh the interest of the public and the defendant in a trial within the date originally prescribed by the Speedy Trial Act.

8. The Court orders defendant and his counsel to appear at the next status conference on April 11, 2016 at 9:30 a.m.

9. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

2/5/16
DATE

HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Lindsey Greer Dotson*
LINDSEY GREER DOTSON
Assistant United States Attorney

*/s/ Nina Marino [email authorization]*
NINA MARINO
Attorney for Defendant BYRON DREDD

4